### GRACE BROWN TANEY v. FERD BROWN.

(Filed 23 September, 1964.)

**1. Appeal and Error § 22—**

Where there are no exceptions to the admission of evidence or to the findings of fact, the findings are presumed to be supported by competent evidence, and an exception to the refusal of defendant's motion for judgment of compulsory nonsuit does not present the question whether the findings are supported by competent evidence. G.S. 1-183.

TANEY *v.* BROWN.

**2. Appeal and Error § 21—**

An exception to the signing of the judgment presents the questions whether the facts found support the conclusions of law and the judgment entered thereon and whether any error of law appears on the face of the record.

**3. Negligence § 11—**

Only contributory negligence which is a proximate cause or one of the proximate causes of the injury under judicial investigation is of legal import.

**4. Automobiles § 41h—**

Findings to the effect that the driver of a truck intending to enter an intersecting rural road, without warning or signal, turned to the left so that his left front wheel crossed the centerline of the highway for a distance of a yard, that at that time the truck driver knew or should have known that a car, which was attempting to pass, had reached a point where its front was about even with the left door of the cab, and that the driver of the car confronted by the emergency turned to the left to avoid the truck, resulting in loss of control of the car and the injury in suit, *held* to support the conclusion of law that the truck driver was guilty of actionable negligence.

**5. Negligence § 7—**

Proximate cause is a question of fact to be determined from the attendant circumstances, and when conflicting inferences of causation arise from the evidence the question is for the determination of the jury or, in a trial by the court under agreement of the parties, for the determination of the court.

**6. Trial § 57—**

In a trial by the court under agreement of the parties, it is the duty of the court to weigh the evidence and find the facts, including inferences of fact to be found from the facts in evidence.

**7. Automobiles § 42a— Facts held to support conclusion that defendant's negligence was sole proximate cause of injury.**

In this trial by the court under agreement of the parties, unchallenged findings of fact to the effect that plaintiff attempted to pass defendant's truck along a straight highway when there was no oncoming traffic, that when plaintiff reached a point some 75 or 100 feet from the rear of the truck she blew her horn, that as plaintiff drew abreast of the truck so that the front of her car was opposite the left door of the cab of the truck, the truck driver, without warning or signal, suddenly turned left, preparatory to entering an intersecting rural road, so that his left front wheel was some one yard over the centerline of the highway, and that plaintiff, confronted by the sudden emergency, turned to her left, lost control of her car, proceeded along the left shoulder across the entrance of the rural road, got back on the highway and ran off the right side of the highway and struck a tree, *held* to support the legal conclusion that the negligence of the truck driver was the sole proximate cause of the injury so that, even if the court was in error in concluding that the intersection of the rural road was not

an intersecting highway within the meaning of G.S. 20-150(c), such error was not prejudicial, since the facts support the legal conclusion that any contributory negligence on the part of plaintiff did not proximately contribute to the injury and therefore was not of legal import.

APPEAL by defendant from *McLean, J.,* May-June 1964 Session of HENDERSON.

Civil action to recover damages for personal injuries allegedly caused by the actionable negligence of defendant, commenced in the general county court of Henderson County.

Defendant in his answer denies negligence and alleges as further defenses: (1) that plaintiff's negligence was the sole proximate cause of her injuries, and (2) plaintiff's contributory negligence.

When the action came on to be heard in the general county court, the parties, pursuant to the provisions of G.S. 1-184 *et seq.,* waived trial by jury. After hearing the evidence of plaintiff and defendant, W. R. Sheppard, judge of that court, made findings of fact, the crucial ones of which we summarize, except when quoted:

About 5 p.m. on 12 April 1963, defendant was driving an International flat-bed truck loaded with eight tons of fertilizer in a westerly direction on U. S. Highway 158 about 13 miles west of the city of Reidsville at a speed of 25 to 30 miles per hour. At the same time, plaintiff was driving a Mercury automobile, owned by her husband, in the rear of and behind defendant's truck, traveling in the same direction. While both motor vehicles were traveling west on a long stretch of straight highway and at a point where plaintiff could see at least a thousand feet beyond defendant's truck and when there was no oncoming traffic, plaintiff drove her automobile across the white center line over into the eastbound traffic lane and began an attempt to overtake and pass defendant's truck. She accelerated the speed of her automobile to 50 to 55 miles an hour, and when she reached a point in the eastbound traffic lane about 50 or 75 or 100 feet from the rear of defendant's truck, she blew her horn. Defendant gave no sign or signal of any kind. When she reached a point beside defendant's truck and was running abreast with it, and when the front of her automobile was about even with the left door of the cab where defendant was seated at the wheel of his truck, defendant suddenly and without warning or signal turned his front wheels to the left and drove across the center line of the highway with his left front wheel a distance of one yard. When plaintiff realized defendant was attempting to turn left into a rural highway, she acted in an emergency and suddenly turned her front wheels to the left to avoid being hit by defendant's truck. In do-

ing so, she lost control of her automobile. While out of control, her automobile proceeded on along the shoulder of the highway, across the entrance into the highway of the rural road, got back over on the right side of the highway, and ran off the highway and struck a tree.

Defendant's truck was equipped with a side rear-view mirror so that he could see to his rear at all times without obstruction. He knew plaintiff's automobile was in his rear. He knew or he should have known that she was attempting to overtake and pass his truck. He knew or he should have known that plaintiff's automobile had reached a point abreast of his truck with the front of her car at or near the left cab door of his truck. Instead of giving way to the right, he turned his wheels to the left and crossed the center white broken line to a distance of three feet beyond the center of the highway.

As plaintiff's automobile and defendant's truck were going westward on U. S. Highway 158, there was a sign or symbol on its north shoulder facing east about 500 to 600 feet east of the rural road "with a yellow background with a black line perpendicular with U. S. Highway 158 and intersected another black line from the left at right angle with said highway with no explanation appearing thereon as to its meaning; there was a white broken line in the center of Highway 158; there was no yellow or barrier lines in either lane and there was no 'Do Not Pass' signs on either shoulder." At the point where rural road 2347 meets Highway 158, there was a sign reading "Guilford County," beneath which there was a sign with the number of rural road 2347. Some distance westward from the rural road, there was a sign on the north shoulder of U. S. Highway 158 with "158 West" appearing thereon.

At the point where plaintiff was attempting to pass defendant's truck, defendant knew there was no yellow line in her lane and there was no "Do Not Pass" sign on the shoulder of the highway. At the time of this accident, the State Highway Commission had a plan and policy of designating and marking such intersections with a yellow line in the appropriate lane extending back 500 feet from the intersection, with a sign on the shoulder at the beginning of the line with the words "Do Not Pass" painted thereon.

By reason of the automobile striking the tree, plaintiff sustained serious and permanent injuries, which are set forth with particularity, and in addition, has incurred medical expenses of $2,500 and reasonably anticipates additional and necessary medical expenses in the amount of $1,500.

Based upon his findings of fact, Judge Sheppard made the following conclusions of law, which we summarize, except when quoted:

Defendant was negligent in the operation of his truck in that he was attempting to make a left turn at a time and under circumstances and conditions when he knew or should have known a left turn could not be safely made. He was making a left turn at a time when he knew or should have known plaintiff was driving her automobile abreast or almost abreast of his truck in the traffic lane opposite from him in an attempt to overtake and pass his truck, and instead of giving way to the right he turned to the left and crossed the white center line with his left front wheel for a distance of three feet. In doing so, he created an emergency and a perilous situation for plaintiff and caused her suddenly to turn her wheels to the left to avoid being struck by his truck and thereby lost control of the automobile. "As a matter of law that the intersection of the rural road with Highway 158 was not an 'Intersecting highway' within the meaning of the law." Defendant's negligence was the immediate, direct, and sole proximate cause of plaintiff's injuries. By reason of defendant's negligence, plaintiff has sustained damages in the amount of $29,000.

Whereupon, Judge Sheppard entered judgment that plaintiff recover from the defendant the amount of $29,000, together with her costs, and further decreed that certain doctors be allowed an expert witness fee, and that the commissioner who took their depositions should be paid, all of which is to be taxed as part of the costs.

Defendant appealed to the superior court assigning as errors the denial of his motion for judgment of compulsory nonsuit entered at the close of plaintiff's evidence and renewed at the close of all the evidence, and the signing of the judgment.

On appeal to the superior court, Judge McLean entered judgment overruling all defendant's assignments of error and affirming the judgment of the general county court. From Judge McLean's judgment, defendant appeals to the Supreme Court.

*McMichael, Griffin & Rankin and Crowell & Crowell by Hugh P. Griffin, Jr., for defendant appellant.*
*Whitmire & Whitmire by R. Lee Whitmire for plaintiff appellee.*

PARKER, J. When this action came on to be heard in the general county court, the parties, pursuant to the provisions of G.S. 1-184 *et seq.*, waived trial by jury. On defendant's appeal to the superior court, Judge McLean overruled all of defendant's assignments of error and affirmed the judgment of the general county court. Defendant assigns as errors Judge McLean's denial of his motion for judgment of compulsory nonsuit made at the close of plaintiff's case and his denial of a

like motion renewed at the close of all the evidence, and his entering a judgment affirming the judgment of the general county court.

Defendant has no exception to the admission of evidence or to the findings of fact or to the conclusions of law. Consequently, such findings of fact are presumed to be supported by competent evidence and are binding upon appeal. *Schloss v. Jamison,* 258 N.C. 271, 128 S.E. 2d 590; *Goldsboro v. R. R.,* 246 N.C. 101, 97 S.E. 2d 486; *James v. Pretlow,* 242 N.C. 102, 86 S.E. 2d 759. By reason of such facts above stated, defendant's motion for judgment of compulsory nonsuit renewed at the close of all the evidence does not "present the question as to whether or not the findings of fact are supported by competent evidence." *Goldsboro v. R. R., supra;* G.S. 1-183; *Clifton v. Turner,* 257 N.C. 92, 125 S.E. 2d 339.

This Court said in *Raleigh v. Morand,* 247 N.C. 363, 100 S.E. 2d 870: "Likewise, since no exceptions were taken to the findings of fact or conclusions of law, the exception to the refusal of the court to grant the appellants' motion for judgment as of nonsuit presents no question for review with respect to the findings of fact or the conclusions of law. *Goldsboro v. R. R., supra* [246 N.C. 101, 97 S.E. 2d 486]. The exception to the signing of the judgment, however, does present these questions: (1) Do the facts found support the conclusions of law and the judgment entered thereon, and (2) does any error appear upon the face of the record?"

Defendant contends in essence that the findings of fact do not support the conclusion of law that the defendant's negligence "was the immediate, direct, and sole proximate cause of the injuries and damage sustained by the plaintiff," and the judgment entered in her favor. He contends that the sole and only conclusion of law that can be made upon the findings of fact is that plaintiff was negligent in attempting to pass defendant's truck at an intersection in violation of G.S. 20-150(c), and in not reducing her speed and keeping her automobile under control in violation of G.S. 20-141(c), and that such negligence proximately contributed to her injuries, and that such a necessary conclusion of law will not support a judgment in plaintiff's behalf, but will only support a judgment barring any recovery by her in this action.

Defendant further contends that the facts found do not support the conclusion of law "that the intersection of the rural road with Highway 158 was not an 'Intersecting highway' within the meaning of" G.S. 20-150(c).

It is a fundamental principle that the only contributory negligence of legal importance is contributory negligence which proximately causes or contributes to the injury under judicial investigation. *Short v. Chap-*

*man,* 261 N.C. 674, 136 S.E. 2d 40. "The very term 'contributory negligence' *ex vi termini* implies or presupposes negligence on the part of the defendant." *Scenic Stages v. Lowther,* 233 N.C. 555, 64 S.E. 2d 846.

The unchallenged findings of fact amply support the conclusion of law that defendant was guilty of actionable negligence. *Insurance Co. v. Cline,* 238 N.C. 133, 76 S.E. 2d 374; *Grimm v. Watson,* 233 N.C. 65, 62 S.E. 2d 538; *Howard v. Bingham,* 231 N.C. 420, 57 S.E. 2d 401.

A question presented for decision is: Do these unchallenged findings of fact support the legal conclusion that defendant's negligence was the immediate, direct, and sole proximate cause of plaintiff's injuries? What is the proximate cause of an injury is ordinarily a question for a jury. It is to be determined as a fact from the attendant circumstances. Conflicting inferences of causation arising from the evidence carry the case to the jury. *Pruett v. Inman,* 252 N.C. 520, 114 S.E. 2d 360. But in the instant case the waiver of a jury trial by the parties invested the trial judge with the dual capacity of judge and juror, and it was his duty to weigh the evidence, find the facts, and upon the conflicting inferences of causation of plaintiff's injuries here to draw the inferences; the ultimate issue was for him. *Turnage Co. v. Morton,* 240 N.C. 94, 81 S.E. 2d 135; *Bizzell v. Bizzell,* 247 N.C. 590, 101 S.E. 2d 668; *Everette v. Lumber Co.,* 250 N.C. 688, 110 S.E. 2d 288.

Conflicting inferences of causation of plaintiff's injuries arise from the unchallenged findings of fact here, and a jury trial having been waived by the parties it was for the judge to find the ultimate issue.

The unchallenged findings of fact show that while plaintiff's automobile and defendant's truck were traveling west on U. S. Highway 158 about 13 miles west of the city of Reidsville, and at a point where plaintiff could see at least a thousand feet beyond defendant's truck, and when there was no oncoming traffic, she drove her automobile across the white center line of the highway into the eastbound traffic lane and accelerated the speed of her automobile to 50 to 55 miles an hour to overtake and pass defendant's truck traveling at a speed of 25 to 30 miles an hour. That when she reached a point in the eastbound traffic lane about 50 or 75 or 100 feet from the rear of defendant's truck, she blew her horn. Defendant gave no sign or signal of any kind. When she reached a point beside defendant's truck and was running abreast with it, defendant suddenly and without warning or signal turned his front wheels to the left and drove across the center line of the highway with his left front wheel a distance of one yard. When she realized he was attempting to turn left into a rural road, she suddenly turned her front wheels to the left to avoid being hit by his truck. That in doing so she lost control of her automobile, and her au-

tomobile out of control *proceeded on along the shoulder of the highway, across the entrance into the highway of the rural road,* got back over on the right side of the highway, and ran off the highway and struck a tree.

The unchallenged findings of fact warrant the inferences that plaintiff could reasonably assume that she could pass defendant's truck in safety before the vehicles reached any intersection, and that she would have done so had it not been for defendant's improvident and negligent act in suddenly driving his truck onto the left half of the highway; that defendant's negligence caused her to lose control of her automobile and that her automobile proceeded on along the shoulder of the highway, across the entrance into the highway of the rural road, got back over on the highway and ran off the highway and struck a tree, resulting in her injuries; that this followed so quickly and is so connected with defendant's negligence in the operation of his truck that it constituted a direct chain of events resulting from defendant's negligence; that defendant under the facts found could reasonably foresee that consequences of an injurious nature would probably result from his negligence; and that such negligence on defendant's part was the immediate, direct, and sole proximate cause of plaintiff's injuries. The judge so concluded, and his conclusion is supported by the unchallenged findings of fact.

The unchallenged findings of fact would permit, but they do not compel, the conclusion that plaintiff attempted to pass defendant's truck at an intersection in violation of G.S. 20-150(c) and G.S. 20-141(c), and that her negligence in doing so proximately contributed to her injuries. However, the trial judge, a jury trial having been waived, did not draw this conclusion.

Conceding, without deciding, that the legal conclusion "that the intersection of the rural road with Highway 158 was not an 'Intersecting highway'" within the meaning of G.S. 20-150(c) is not supported by the findings of fact and is erroneous, it was not sufficiently prejudicial to upset the judgment below, because the legal conclusion that defendant's negligence was the immediate, direct, and sole proximate cause of plaintiff's injuries, which finds support in the unchallenged findings of fact, is a legal conclusion to the effect that even if plaintiff were negligent, her negligence did not proximately contribute to her injuries.

The unchallenged findings of fact support the legal conclusions, and they in turn support the judgment. All defendant's assignments of error are overruled, and the judgment below is

Affirmed.