CECIL JACKSON, A MINOR, BY HIS NEXT FRIEND, SAM JACKSON, PLAINTIFF v. ROLAND M. COLLINS, JERRY C. ALLEN, A MINOR, AND WILTON H. ALLEN, DEFENDANTS.

No. 7016SC575

(Filed 21 October 1970)

1. Appeal and Error § 57— waiver of jury trial — review of findings of fact

Where the parties have waived trial by jury, and the court's findings of fact are not challenged by exceptions in the record, the findings of fact made by the judge are presumed to be supported by the evidence and are binding on appeal.

2. Rules of Civil Procedure § 52— findings by the court — conclusions of law

When the parties waive trial by jury and stipulate that the court can answer specific issues as to negligence and damages, the Rule requiring that the findings of fact be stated separately from the conclusions of law *is held* satisfied when the court's conclusions of law are contained in the answers to the issues and are readily distinguished from the findings of fact. G.S. 1A-1; Rule 52 (a) (1).

Jackson v. Collins

**3. Appeal and Error § 26— exception to judgment — review on appeal**
     The exception to the judgment raises the question of whether the findings of fact support the conclusions of law and whether the judgment is proper in form.

**4. Appeal and Error § 45— the brief — abandonment of exceptions**
     Exceptions not brought forward and argued in appellant's brief are deemed abandoned. Rule of Practice No. 28.

     Judge BROCK concurs in result.

APPEAL by defendant Roland M. Collins from *Brewer, J.,* May 1970 Session of ROBESON Superior Court.

This is a civil action to recover compensation for personal injuries allegedly sustained by the plaintiff Cecil Jackson as a result of a collision between the automobile operated by the defendant Roland M. Collins and an automobile owned by the defendant Wilton H. Allen and operated by the defendant Jerry C. Allen. In his complaint the plaintiff alleged that the collision was the proximate result of the joint and concurring negligence of the defendant Jerry C. Allen and the defendant Collins. The defendant Jerry C. Allen and the defendant Wilton H. Allen answered denying negligence and alleged that the collision resulted from the joint and concurring negligence of the defendant Collins and another who was not a party to the action. The defendant Collins answered denying negligence and alleged that the collision resulted from the sole negligence of the defendant Jerry C. Allen in the operation of the automobile owned by the defendant Wilton H. Allen.

On 30 March 1970 it was stipulated and agreed that all parties were bound to a trial without a jury, and that subject to dismissal of parties the issues were as follows:

"1.   Was plaintiff injured and damaged by the negligence of defendant Roland M. Collins, as alleged in the complaint (as amended)?

"ANSWER: _____

"2.   Was the plaintiff injured and damaged by the negligence of the defendant, Jerry C. Allen, as alleged in the complaint (as amended)?

"ANSWER: _____

"3.   Was Jerry C. Allen operating the 1967 Chevrolet automobile as the agent of the defendant, Wilton H. Allen?

"ANSWER: _____

"4.   What amount, if any, is the plaintiff entitled to recover for his injury and damage?

"ANSWER: _____"

After the plaintiff had offered his evidence, the action was dismissed as to the defendants Wilton H. Allen and Jerry C. Allen. The motion of defendant Collins for a directed verdict made at the close of plaintiff's evidence and renewed at the close of all the evidence, and his motion for judgment notwithstanding the verdict were denied.

The court made detailed findings of fact which are summarized as follows: On 24 March 1968 at approximately 10:20 p.m. the defendant Roland M. Collins, a deputy sheriff of Robeson County, was in pursuit of a reported stolen automobile driven by Jimmy Musselwhite headed in a westerly direction. During the pursuit the defendant reached speeds in excess of 100 miles per hour and immediately prior to the collision, while crossing a bridge and approaching a curve, was traveling at the speed of 60-65 miles per hour in a 45 mile-per-hour speed zone. The plaintiff was a passenger in an automobile being driven in an easterly direction by Jerry C. Allen. The collision occurred when the automobile operated by defendant Collins crossed the center line in the curve and entered the lane in which Allen's automobile was traveling. The defendant Roland M. Collins operated his automobile at the time and place of the collision with the Allen automobile at an excessive and unlawful rate of speed, and in a careless and heedless manner in reckless disregard to the rights and safety of others. The defendant Collins was negligent in the operation of his motor vehicle at the time and place in question and his negligence was a proximate cause of the collision with the Allen vehicle and resulted in the plaintiff's receiving multiple injuries to his body, including fractures to his ribs, fracture to his right clavicle, a severe laceration of his left arm with resultant scarring and a collapsed lung, together with severe and painful injuries to his back.

Predicated upon its findings of fact, the court answered the two issues agreed upon as follows:

"1.    Was plaintiff injured and damaged by the negligence of defendant, Roland M. Collins, as alleged in the complaint (as amended) ?

"ANSWER: Yes.

*    *    *

"IV.    What amount, if any, is the plaintiff entitled to recover for his injury and damage?

"ANSWER: $15,576.85."

Based on the answers to the issues as set out in the record, the court entered judgment in favor of the plaintiff and against the defendant Collins. The defendant appealed to the North Carolina Court of Appeals.

*Williford, Person & Canady, by N. H. Person, for plaintiff appellee.*

*Johnson, Hedgpeth, Biggs & Campbell, by John Wishart Campbell, for defendant appellant.*

HEDRICK, Judge.

The appellant first assigns as error, based on specific exceptions in the record, the court's rulings with respect to the admissibility of certain testimony. "In a trial before the judge, sitting without a jury, 'the ordinary rules as to the competency of evidence applied in a trial before a jury are to some extent relaxed, for the reason that the judge with knowledge of the law is able to eliminate from the testimony he hears that which is immaterial and incompetent, and consider that only which tends properly to prove the facts to be found.' " Stansbury, N.C. Evidence 2d, § 4a. Nevertheless, we have carefully examined each exception in the record as it relates to this assignment of error and conclude that the court did not commit prejudicial error in any of the challenged rulings.

[1]    The appellant next assigns as error the court's denial of his motion for a directed verdict made at the close of the plaintiff's evidence and renewed at the close of all the evidence, and the court's denial of his motion for judgment notwithstanding the verdict. In the record the appellant did not except to the findings of fact made by the court. Where, as here, the parties have waived trial by jury, and the court's findings of

fact are not challenged by exceptions in the record, the findings of fact made by the judge are presumed to be supported by the evidence and are binding on appeal. *Tanner v. Ervin,* 250 N.C. 602, 109 S.E. 2d 460 (1959); *Taney v. Brown,* 262 N.C. 438, 137 S.E. 2d 827 (1964).

[2] The defendant contends that the court failed to comply with G.S. 1A-1, Rule 52(a) (1), Rules of Civil Procedure, which reads as follows:

> "(1)   In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment."

This contention is without merit. The parties stipulated that the court could answer specific issues as to negligence and damage. In *Woodard v. Mordecai,* 234 N.C. 463, 67 S.E. 2d 639 (1951), our Supreme Court held that the rule requiring that the findings of fact be stated separately from the conclusions of law was satisfied when the separation was made in such a manner as to render the findings of fact readily distinguishable from the conclusions of law. In the instant case Judge Brewer made detailed findings of fact and stated that his answers to the issues were based thereon. Obviously, the court's conclusions of law are contained in the answers to the issues, and are readily distinguishable from the findings of fact.

[3] The exception to the judgment raises the question of whether the findings of fact support the conclusions of law, and whether the judgment is proper in form. *Taney v. Brown, supra; Fishing Pier v. Town of Carolina Beach,* 274 N.C. 362, 163 S.E. 2d 363 (1968).

We hold that the findings of fact support the conclusions of law contained in the answers to the issues and that the judgment is proper in form.

[4] The record contains other exceptions which are not brought forward and argued in the appellant's brief. These exceptions are deemed abandoned. Rule 28, Rules of Practice in the Court of Appeals of North Carolina.

We conclude that the defendant had a fair trial in the superior court free from prejudicial error.

No error.

Chief Judge MALLARD concurs.

Judge BROCK concurs in the result reached.