IN THE MATTER OF KENNETH ANDERSON BLACK, ROBERT WADE PILGRIM, JR., BOBBY LEE PILGRIM, ISRAEL MICHAEL PILGRIM, SAMUEL RAY PILGRIM

No. 8429DC1339

(Filed 16 July 1985)

**Parent and Child § 2.3— termination of parental rights—child neglect—evidence sufficient**

　　　The trial court did not err by terminating respondent's parental rights where a prior adjudication of neglect was not the only evidence relied on by

the court in that there was evidence that the children's home was in a constant state of disarray and uncleanliness; the children's mother often seemed incoherent, tending to stare off and to ignore those around her; their father had stated that he was unwilling to let the children remain in the home because his violent temper made it unsafe and that he would lock and bar the door and starve the children if they were not removed; and respondents had not made improvements in providing a clean and suitable home and in providing appropriate child care when absent during three months of additional time provided by a prior order. G.S. 7A-289.32, G.S. 7A-517(21).

APPEAL by respondent from *Guice, Judge.* Judgment entered 31 October 1984 in District Court, RUTHERFORD County. Heard in the Court of Appeals 7 June 1985.

This is a termination proceeding pursuant to G.S. 7A-289.22 *et seq.* in which petitioner, Rutherford County Department of Social Services, seeks to terminate the parental rights of respondent, Robert Wade Pilgrim, Sr. and his wife, Espey Regina Black Pilgrim, as to their minor children: Robert Wade Pilgrim, Jr., Bobbie Lee Pilgrim, Israel Michael Pilgrim and Samuel Ray Pilgrim. Petitioner also seeks termination of the parental rights of James Childers and Espey Regina Black Pilgrim as to their minor child Kenneth Anderson Black. (The children are referred to hereinafter collectively.)

The essential facts are:

On 4 February 1983 the Rutherford County Department of Social Services (DSS) first became familiar with the five Pilgrim children from complaints received concerning the care and supervision given the children by Mr. and Mrs. Pilgrim. DSS conducted an investigation and began to provide homemaker and social worker services to the household and after the initial contact increased the level of services in order to assure that the children were cared for. DSS then filed a juvenile petition alleging that the children were neglected as a matter of law.

On 24 May 1983, the Honorable Zoro J. Guice, Jr. found the children to be neglected as defined in G.S. 7A-517(21) in that the children were not being given proper supervision and care, and lived in an environment injurious to their health. The court allowed physical custody to remain in Mr. and Mrs. Pilgrim, but placed legal custody in DSS. The court also ordered that DSS provide the Pilgrims with homemaker services on a regular basis.

Respondent Robert Wade Pilgrim, Sr. told DSS on 17 June 1983 that he and his wife could no longer care for the children and asked that DSS take physical custody. Respondent also threatened at that time to confine and starve the children if DSS did not take them. DSS removed the children from the home on that day and has placed them in foster homes. The children continue to visit with Mr. and Mrs. Pilgrim on some weekends.

Investigation by DSS has revealed that the Pilgrim house is generally unkempt and unclean. DSS reports reflect that on weekend visits to the home of Mr. and Mrs. Pilgrim, Kenneth Anderson Black and Robert Wade Pilgrim, Jr. (now ages 11 and 9 respectively) on several occasions attempted sexual intercourse with their sister Bobby Lee Pilgrim, age 8. Mrs. Pilgrim is frequently not at home, has been recently arrested for prostitution and is apparently subject to frequent episodes in which she stares off and is not aware of or attentive to the children around her. Her housekeeping and household sanitation habits are careless and inattentive with dirty dishes on occasion being left out for extended periods and food being served on dirty dishes. Mr. Pilgrim, by his own admission, has a very violent temper which he has difficulty controlling.

At a hearing on 26 September 1983 (order signed 30 September 1983) the Honorable Loto J. Greenlee found that neglect of the children by Mr. and Mrs. Pilgrim was persisting and that it was in the best interest of the children to place both legal and physical custody with DSS. In a subsequent hearing on 28 March 1984 (order signed 30 April 1984) Judge Guice found that Mr. and Mrs. Pilgrim had not responded to the efforts of DSS to improve the home situation to allow the children to return. The court also found that the numerous foster home placements of the children were not in their best interest. The trial court then set forth specific requirements to be met by Mr. and Mrs. Pilgrim within three months if the children were not to be permanently removed from their parents' custody. Among the specific requirements listed were requirements that the parents provide a "suitable and clean" place for the children to live and that the parents arrange for appropriate child care while they are away from home.

After the three-month period had expired, DSS filed a petition for termination of the parental rights of Mr. and Mrs. Pilgrim

and James Childers as to the children. The court found the children to be neglected as defined by G.S. 7A-517(21) and concluded that it would be in the children's best interest to terminate all parental rights. On 29 October 1984 Judge Guice signed an order terminating parental rights and placing legal and physical custody of all five children with DSS.

Respondent Robert Wade Pilgrim, Sr., appeals.

*Robert G. Summey, for respondent-appellant.*

*Walter H. Dalton, for petitioner-appellee.*

EAGLES, Judge.

Respondent Robert Wade Pilgrim, Sr. claims that the trial court erred in terminating his parental rights to his children in that the Rutherford County Department of Social Services (DSS) does not allege and evidence does not prove a sufficient basis on which to terminate those rights pursuant to G.S. 7A-289.32. We find no error.

In order to terminate a parent's custody rights to his children a court must find that at least one of the several factors set out in G.S. 7A-289.32 exist. The trial court here found the children to be neglected as defined by G.S. 7A-517(21), enabling the court to order the termination of parental rights pursuant to G.S. 7A-289.32(2). Citing *In re Ballard*, 311 N.C. 708, 319 S.E. 2d 227 (1984), respondent argues that the trial court improperly relied on the prior adjudication (24 May 1983) that the children were neglected as defined by law. We note, however, that the prior adjudication of neglect was not the only evidence relied upon by the trial court in its termination of parental rights entered 29 October 1984.

Here, the trial court had sufficient evidence upon which to base its order for termination of the parental rights of respondent. This evidence included unrefuted testimony that the Pilgrim home was in a constant state of disarray and uncleanliness and that Mrs. Pilgrim often seemed incoherent, tending to stare off and to ignore those around her. Mr. Pilgrim had stated that he was unwilling to let the children remain in the home because his violent temper made it unsafe for the children to be with him. He

also demanded that the children be removed from the home, threatening to lock and bar the door and starve the children if they were not removed. We note that it is not necessary to find a failure to provide physical necessities to the children to have a finding of neglect. *In re APA,* 59 N.C. App. 322, 296 S.E. 2d 811 (1982). A factor which we consider noteworthy is the lack of improvement in the conditions in the home during the three-month period provided for in the trial court's 28 March 1984 order. The failure of the respondents during the three months additional time allowed to make improvements in providing a "clean and suitable" home for the children and in failing to provide for appropriate child care when the parents were absent is strong supporting evidence for the conclusion that the children are genuinely neglected within the terms of G.S. 7A-517(21).

The termination of parental rights is a matter for the trial court's discretion. *Forsyth County Dept. of Social Services v. Roberts,* 22 N.C. App. 658, 207 S.E. 2d 368 (1974). A ruling based on a trial court's discretion will not be reversed without a showing of manifest abuse of that discretion. *Worthington v. Bynum,* 305 N.C. 478, 290 S.E. 2d 599 (1982). Respondent shows no abuse of discretion and our examination of the record on appeal likewise discloses upon the facts of the case no abuse of discretion on the part of the trial court in terminating respondent's parental rights.

Affirmed.

Judges BECTON and PHILLIPS concur.