IN THE MATTER OF: OMAR JAMAL LAMBERT-STOWERS, MINOR CHILD

No. COA00-1188

(Filed 2 October 2001)

**Termination of Parental Rights— dispositional order—statement of standard of proof required**

An order terminating parental rights was reversed and remanded where the court did not state that the findings as to neglect or any of the other grounds were made by clear, cogent and convincing evidence. The trial court must recite the standard of proof in the adjudicatory order and the trial court's statement of the standard of proof in the dispositional order did not cure the defect.

Appeal by respondents from judgment entered 21 December 1999 by Judge Rebecca B. Knight in Buncombe County District Court. Heard in the Court of Appeals 6 June 2001.

*Howard C. McGlohon for respondent-appellant father, Kenneth Stowers.*

*The Moore Law Firm, by George W. Moore for respondent-appellant mother, Robin Lambert.*

*Lisa M. Morrison for petitioner-appellee Buncombe County Department of Social Services.*

*Judy N. Rudolph for guardian ad litem-appellee, Betty Wiese.*

THOMAS, Judge.

This is an appeal from an order terminating the parental rights of respondents, Kenneth Stowers (Stowers) and Robin Lambert (Lambert).

The trial court made findings that both parents had neglected Omar Jamal Lambert-Stowers (the child) and had wilfully left him in foster care for more than twelve months without showing reasonable progress on correcting the conditions which led to removal. Additionally, as to Stowers, the trial court found that he failed to pay a reasonable portion of the cost of out-of-home care for a continuous period of six months preceding the filing of the petition, despite an ability to pay some amount.

For the reasons discussed herein, we reverse the trial court's order and remand for further determination.

The facts are as follows: The child was born on 3 October 1997. The Buncombe County Department of Social Services (petitioner) opened a Child Protective Services investigation into the welfare of the child three days later. Lambert's "hyperactive" behavior in the hospital was of concern, as well as the fact she appeared "mentally limited." Petitioner proceeded to provide In-Home Family Preservation services to Lambert and Stowers, who was Lambert's boyfriend and the father of the child. Petitioner also assisted the family in securing stable housing. Lambert further participated in eight weeks of parenting education through the Buncombe County Health Department. The health department's maternal outreach worker had actually begun helping Lambert several months before the child's birth. Because of bruises found on Lambert both before and after the child was born, an In-Home Family Preservation worker from the Blue Ridge Center counseled Lambert and Stowers throughout February 1998 regarding domestic violence.

Petitioner, meanwhile, had referred Stowers to the Blue Ridge Center for a substance abuse assessment due to a history of alcohol abuse. He failed to comply.

The child remained in the custody of Lambert and Stowers during that time, but stopped physically growing. On 28 April 1998, the child was admitted to Memorial Mission Hospital for a series of tests after his pediatrician, Dr. Peter Chu, diagnosed him as a "failure to thrive" child. He had dropped below the fifth percentile for his age as to weight, length and head circumference.

Stowers, however, became irate when informed the child would need to remain in the hospital longer than originally planned. While intoxicated and threatening hospital employees not to interfere, he removed the child from the hospital on 3 May 1998 against medical advice. Petitioner filed a petition alleging neglect two days later, obtained non-secure custody and placed the child in foster care. He weighed less at that point than he had in March 1998.

The adjudicatory hearing determining whether the child was neglected was held on 24 July 1998 and 3 August 1998. The trial court concluded, by clear, cogent and convincing evidence, that the child was neglected "in that he did not receive the proper care and supervision and lived in an environment injurious to his welfare due to the

inability of his parents to provide the minor child with the proper nutrition and care."

At disposition, the trial court ordered custody with petitioner and twice-a-week visitation for the parents. The visits were to be supervised at petitioner's offices.

Review hearings were held on 7 December 1998, 15 March 1999 and 27 April 1999. Custody remained with petitioner because of a lack of progress in alleviating the conditions which led to the initial removal. The visits remained supervised and, after the March hearing, were videotaped.

The petition to terminate parental rights was filed on 11 May 1999. A judgment finding adequate grounds was entered on 11 December 1999. A separate dispositional judgment was filed on 21 December 1999, in which the trial court found termination of parental rights to be in the child's best interests. From those judgments, respondents appeal. They argue the grounds for termination were not proven by clear and convincing evidence and the trial court abused its discretion in finding the best interests of the child required termination of respondents' parental rights.

We note at the outset that both respondents and petitioner framed the issues and arguments in their briefs as to grounds for termination by reference to N.C. Gen. Stat. § 7B-1111. However, since the petition for termination was filed *prior to 1 July 1999*, the correct reference would be to Chapter 7A. Nonetheless, pursuant to Rule 2, we review these assignments of error. N.C.R. App. P. 2.

The trial court in the present case held the adjudicatory and dispositional hearings on different days and entered separate orders as to each. While that is not required, the two stages in a termination of parental rights proceeding are distinct.

The first is the adjudicatory stage, where the petitioner has the burden to prove by clear, cogent and convincing evidence the existence of at least one of the grounds for termination listed in N.C. Gen. Stat. § 7A-289.32 (now codified as section 7B-1111). The standards of "clear and convincing" and "clear, cogent and convincing" are synonymous and used interchangeably in Chapters 7A and 7B. *See In re Montgomery*, 311 N.C. 101, 316 S.E.2d 246 (1984). If the burden is met and a ground established by "clear, cogent and convincing" evidence, the trial court must proceed to the second stage and hold a dispositional hearing. Unless the trial court then determines that the

best interests of the child require otherwise, the termination order shall be issued. N.C. Gen. Stat. § 7A-289.31(a) (1998) (now codified as section 7B-1110(a)). *See also In re Blackburn*, 142 N.C. App. 607, 543 S.E.2d 906 (2001); *In re Carr*, 116 N.C. App. 403, 448 S.E.2d 299 (1994).

Accordingly, we review respondents' first assignment of error. They argue that none of the grounds set out in N.C. Gen. Stat. § 7B-1111 (formerly codified as section 7A-289.32) were proven by clear and convincing evidence.

Neglect of the child by respondents was the first ground found by the trial court. However, the trial court did not state the findings as to neglect, or any of the other grounds, were made by "clear, cogent and convincing evidence." This Court has held that the trial court must recite the standard of proof in the adjudicatory order and that a failure to do so is error.

> Although the termination statute does not specifically require the trial court to affirmatively state in its order terminating parental rights that the allegations of the petition were proved by clear and convincing evidence, without such an affirmative statement the appellate court is unable to determine if the proper standard of proof was utilized. Furthermore, we note the legislature has specifically required the standard of proof utilized by the trial court be affirmatively stated in the context of delinquent, undisciplined, abuse, neglect and dependent proceedings. Because termination proceedings and delinquent, undisciplined, abuse, neglect, and dependent proceedings are all contained in a single chapter of the General Statutes and relate to the same general subject matter, we construe these statutes together to determine legislative intent. Accordingly, we read section 7A-289.30(e) (now section 7B-1109(f)) to require the trial court to affirmatively state in its order the standard of proof utilized in the termination proceeding.

*In re Church*, 136 N.C. App. 654, 657, 525 S.E.2d 478, 480 (2000) (citations omitted).

We note the trial court makes findings in the dispositional order based on "clear, cogent and convincing evidence." However, in determining best interests, there is no burden of proof at disposition. The trial court's finding in the separate dispositional order did not cure the defect in the adjudicatory order, even though the adjudicatory

findings were incorporated by reference and considered for the purpose of determining best interests.

Accordingly, we reverse and remand the matter to the trial court with instructions to determine whether the evidence in the adjudicatory hearing satisfies the required standard of proof.

REVERSED AND REMANDED.

Judges WALKER and McCULLOUGH concur.