HUDSON, Judge.
On 13 November 2002, the Guilford County Department of Social Services ("DSS") filed a petition to terminate respondent father Antonio Wideman's parental rights to his daughters, C.M.M. and L.R.W.. On 22 July 2003, the court held a hearing on the petition and found three grounds to terminate respondent's parental rights, and concluded that termination was in the best interest of the children. Respondent appeals. For the reasons discussed below, we affirm.
Respondent is the father of C.M.M., born 21 June 1987, and L.R.W., born 1 June 1990. Respondent has been incarcerated since 1998, with an expected release date in 2015. He is not eligible for work release. DSS obtained custody of C.M.M. and L.R.W. on 16 July 2001, after their step-father sexually abused them. On 26 July 2001, DSS informed respondent that it had taken custody of his daughters. On 25 April 2003, the girls' mother relinquished her parental rights.
During the time DSS had custody, respondent wrote the girls three letters and spoke to them once on the phone. Respondent presented no witnesses at the hearing. The court found that three grounds existed to support termination of respondent's parental rights: that he neglected his children, that he wilfully left his children in foster care for more than twelve months without showing to the satisfaction of the court reasonable progress in correcting the conditions that lead to removal, and that he failed to legitimate his children or provide substantial support or consistent care to them or their mother.
Defendant argues that the court erred in finding each of the three grounds for terminating his parental rights. We disagree.
The process for terminating parental rights is well-established:
Termination of parental rights is a two-step procedure. During the initial adjudication phase of the trial, the petitioner seeking termination must show by clear, cogent, and convincing evidence that grounds exist to terminate parental rights. A finding of any one of those grounds is sufficient to support termination of parental rights. If the petitioner succeeds in establishing the existence of any one of the statutory grounds listed in N.C. Gen. Stat. § 7B-1111, the trial court moves to the second, or dispositional, stage, where it determines whether it is in the best interests of the child to terminate the parental rights.
In re Shepard, 162 N.C. App. 215, 221, 591 S.E.2d 1, 5 (2004) (internal citations and quotation marks omitted). "[U]nder current law, there is no specified time frame that limits the admission of relevant evidence pertaining to a parent's `reasonable progress' or lack thereof." In re Pierce, 356 N.C. 68, 75, 565 S.E.2d 81, 86, n. 1 (2002) (citing Act of June 15, 2001, ch. 208, sec. 6, 2001 Sess. Laws 111, 113.). "The standard of review in termination of parental rights cases is whether the findings of fact are supported by clear, cogent and convincing evidence and whether these findings, in turn, support the conclusions of law." In re Shepherd, 162 N.C. App. at 221, 591 S.E.2d at 6.
Respondent correctly notes that the court relied on the incorrect standard under N.C. Gen. Stat. § 7B-1111(a)(2) by failing to apply the amended statute to this proceeding. The applicable statute reads, in pertinent part, as follows:
The parent has willfully left the juvenile in foster care or placement outside the home for more than 12 months without showing to the satisfaction of the court that reasonable progress under the circumstances has been made in correcting those conditions which led to the removal of the juvenile. Provided, however, that no parental rights shall be terminated for the sole reason that the parents are unable to care for the juvenile on account of their poverty.
N.C. Gen. Stat. § 7B-1111(a)(2) (2002). The statute was amended in 2001 for all petitions filed or pending as of 1 January 2002. The petition here was filed 13 November 2002. Prior to the amendment, the statute read, in pertinent part, ". . . without showing to the satisfaction of the court that reasonable progress under the circumstances has been made within twelve months in correcting those conditions which led to the removal of the juvenile." N.C. Gen. Stat. § 7B-1111(a)(2) (1999) (emphasis supplied). As respondent contends in his brief, this section no longer limits the period in which progress must be made. However, this error is harmless because the evidence before the court supported the conclusion that grounds exists under N.C. Gen. Stat. § 7B-1111(a)(2) to terminate respondent's parental rights. In re Pope, 144 N.C. App. 32, 38, 547 S.E.2d 153, 157 n.4, affirmed, 354 N.C. 359, 554 S.E.2d 644 (2001) (citing In re Bluebird, 105 N.C. App. 42, 51, 411 S.E.2d 820, 825 (1992)) (holding that a "trial court's failure to correctly state in its order the specific statutory ground for termination is harmless error when the findings of fact support a legal conclusion that grounds for termination exist.") In addition, in finding 4, the court refers to respondent's actions, or lack there of, "[i]n the two years that the minor children have been in DSS custody," making it clear that the court did not improperly limit its inquiry to a twelve month period (emphasis supplied).
In the cases cited by respondent in his reply brief, this Court reversed terminations of parental rights where the trial court failed to recite the proper standard of proof used to make findings (i.e. by clear, cogent and convincing evidence) See In re Lambert-Stowers, 146 N.C. App. 438, 552 S.E.2d 278 (2001); In re Church, 136 N.C. App. 654, 525 S.E.2d 478 (2000). Here, the court did articulate the proper standard of proof.
The court found that respondent was incarcerated and had a release date of 2015, had sent the girls only three letters, and had made only one phone call to them during the two years they were in foster care. The court further found that respondent did not enter into a service agreement with DSS, and that his only plan for the children was for them to live with his mother, which plan DSS rejected because respondent's mother's home was not suitable. "[A] respondent's incarceration, standing alone, neither precludes nor requires finding the respondent willfully left a child in foster care." In re Harris, 87 N.C. App. 179, 184, 360 S.E.2d 485, 488 (1987). However, the court stated, in conclusions of law two, three and four, that each ground was "[b]ased upon clear, cogent and convincing evidence." The record, including evidence from the testimony of DSS social worker Susan Perez, and the findings support the conclusion that grounds existed pursuant to N.C. Gen. Stat. § 7B-1111 (a)(2) to terminate respondent's parental rights.
Because the trial court properly terminated respondent's parental rights under N.C. Gen. Stat. § 7B-1111(a)(2), we need not address his arguments that his parental rights were improperly terminated pursuant to § 7B-1111(a)(1) and § 7B-1111(a)(5). In re Pope, 144 N.C. App. at 38, 547 S.E.2d at 157 n.4. "The finding of any one of the grounds is sufficient to order termination." Owenby v. Young, 357 N.C. 142, 145, 579 S.E.2d 264, 267 (2003). We next consider, "based on the grounds found for termination, whether the trial court abused its discretion in finding termination to be in the best interest of the child." In re Shepard, 162 N.C. App. at 222, 591 S.E.2d at 6. Once the trial court has found that grounds exist to terminate parental rights, "the court shall issue an order terminating the parental rights of such parent with respect to the juvenile unless the court shall further determine that the best interests of the juvenile require that the parental rights of the parent not be terminated." N.C. Gen. Stat. § 7B-1110(a) (2001). "A ruling based on a trial court's discretion will not be reversed without a showing of manifest abuse of that discretion." In re Black, 76 N.C. App. 106, 110, 332 S.E.2d 85, 87 (1985). Based on the evidence before the court, we see no abuse of discretion in terminating respondent's parental rights.
Affirmed.
Judges TIMMONS-GOODSON and STEELMAN concur.
Report per Rule 30(e).