An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-539

Filed 18 March 2026

Dare County, Nos. 23JT000035-270, 23JT000036-270

In the Matter of: H.B.D., R.E.D.

Appeal by Respondent-Father from orders entered 5 March 2025 by Judge Robert P. Trivette in Dare County District Court. Heard in the Court of Appeals 12 February 2026.

> *No brief filed for Petitioner-Appellee Mother.*
>
> *Garron T. Michael for Respondent-Appellant Father.*

GRIFFIN, Judge.

Father appeals from the trial court's adjudication and disposition orders for termination of parental rights concerning his daughters, Reese and Hailey.[1] Father argues the trial court did not make the findings necessary to support its conclusion that grounds exist to terminate Father's parental rights. Father also claims the trial court's application of the standard of proof was equivocal. We disagree with Father and affirm the trial court's orders.

---

[1] We use pseudonyms to protect the children's identities. *See* N.C. R. App. P. 42.

## I. Factual and Procedural Background

Father and Mother ("Petitioner") moved to Dare County together in March 2012. Later that year, the couple had their first daughter, Reese. On 31 May 2014, Father and Petitioner married. Almost a year after getting married, the couple had their second child, Hailey.

Beginning in November 2016, Father and Petitioner separated for about three months. Father moved out during that time. The couple reunited in March 2017. However, a few months after reuniting, Father and Petitioner conclusively separated. Between May and September 2017, Father saw Reese and Hailey only twice.

In September 2017, Father and Petitioner entered a consent order that established temporary custody. As a result, Father had visitation with Reese and Hailey every other weekend. In December 2017, the trial court entered a custody order where Father and Petitioner had joint legal custody and Petitioner had primary physical custody. In addition to visitation with his daughters every other weekend, Father had extended summer visitation and alternating holidays.

In the fall of 2018, Reese and Hailey began exhibiting signs of anxiety, anger, and defiance. During the same time, Petitioner noticed Reese and Hailey returned from Father wearing the same underwear she sent them in, hungry, quiet, and not making eye contact. Petitioner enrolled Reese and Hailey in treatment from a professional counselor and certified clinical trauma professional. Petitioner participated in the children's treatment, but Father did not.

In early 2019, Father was arrested on a warrant for driving while license revoked and careless and reckless driving. Father had Reese and Hailey in his care that weekend, so, due to his arrest, Father left them alone in a hotel room. Following Father's arrest, both children exhibited signs of fear. Thus, Petitioner filed a motion to modify Father's visitation. Consequently, in August 2019, the trial court modified Father's visitation to every other weekend without overnight stays.

In April 2020, Manteo Police Department responded to Father's mother and stepfather's home, where Father and his stepfather were arguing. During the altercation, the stepfather allegedly swung a boat anchor at Father and, in response, Father pointed a gun at stepfather and threatened to kill him. After searching the home, law enforcement officers found Father's loaded gun, which was accessible to his minor children.

During the month following Father and stepfather's quarrel, on two separate occasions, Father refused to return Reese and Hailey to Petitioner pursuant to the court order. Both times, Father exhibited an arrogant attitude that he didn't care that he was in violation of the court order. In response to Father's blatant violations, Petitioner did not allow further visits with Father beginning 31 May 2020.

Upon the cessation of visits with his children, Father failed to adequately pay his child support payments and threatened his own suicide on social media. Additionally, Father's girlfriend complained to Petitioner of Father's drug usage, domestic violence, and mental instability.

On 23 October 2020, Petitioner again moved to modify custody of Reese and Hailey. At the custody hearing, due to substantial changes in Father's conduct and in consideration of the children's best interests, the trial court determined Father unfit to have custody or visitation with his daughters. In the trial court's determination, Petitioner retained legal and physical custody of the children and Father was only allowed supervised visitation, if any, at Petitioner's discretion.

Consistent with the trial court's 2021 custody order, Petitioner did not allow any visits between Father and their children. Yet, Father made attempts to contact his daughters and send them letters and gifts. Nevertheless, Mother tried to limit such contact.

On 4 July 2023, in violation of the 2021 custody order, Father unexpectedly arrived at Petitioner's residence to attempt to see Reese and Hailey. Reese and Hailey's uncle instructed Father to leave the premises. Reese was visibly upset and scared by this occurrence.

A few weeks after showing up at Petitioner's house unannounced, Father was arrested and incarcerated on drug-related charges. Within a week of this arrest, Petitioner filed a petition to terminate Father's parental rights. After various difficulties in setting a date for adjudication and disposition, the adjudication properly began on 19 September 2024 and continued until 29 January 2025. At the close of the evidence, the trial court concluded grounds existed for the termination of parental rights, ultimately relying on grounds of neglect and abandonment. At the

dispositional stage, the trial court determined it was in both Reese and Hailey's best interest to terminate Father's parental rights. Father timely appeals both adjudication and disposition orders.

## II.    Analysis

Father contends the trial court failed to make the findings necessary to support its conclusion that grounds exist for termination of Father's parental rights. Additionally, Father maintains the trial court's application of the evidentiary standard was indeterminate.

The termination of parental rights in North Carolina requires a two-step process of adjudication and disposition. *Matter of N.W.*, 381 N.C. 851, 854–55, 874 S.E.2d 498, 502 (2022) (citation omitted). At adjudication, the trial court determines whether a petitioner has demonstrated, by clear, cogent, and convincing evidence, the existence of one or more grounds for the termination of parental rights. *Matter of S.R.*, 384 N.C. 516, 520, 886 S.E.2d 166, 171 (2023) (citation omitted). The absence of a trial court's affirmative statement clarifying the standard of proof may result in reversible error. *In re Lambert Stowers*, 146 N.C. App. 438, 441, 552 S.E.2d 278, 280–81 (2001) (citation omitted). Nevertheless, a trial court's statement of the correct standard of proof in open court and the lack of a different standard mentioned elsewhere do not result in error. *Matter of B.L.H.*, 376 N.C. 118, 127, 852 S.E.2d 91, 98 (2020) (citation omitted).

In reviewing a trial court's adjudication, appellate courts must determine whether the trial court's findings are supported by clear, cogent, and convincing evidence and such findings support the trial court's conclusions of law. *Matter of K.N.*, 381 N.C. 823, 827, 874 S.E.2d 594, 598 (2022) (citation omitted). "Unchallenged findings are deemed to be supported by the evidence and are binding on appeal." *Matter of R.G.L.*, 379 N.C. 452, 456, 866 S.E.2d 401, 408 (2021) (citation omitted); *see Taney v. Brown*, 262 N.C. 438, 443, 137 S.E.2d 827, 830 (1964). Moreover, a finding of fact supported by clear, cogent, and convincing evidence is deemed conclusive, despite contrary record evidence that could result in a different finding. *Matter of B.R.L.*, 381 N.C. 56, 58, 871 S.E.2d 491, 493 (2022) (citation omitted). Additionally, this Court only reviews a trial court's findings necessary to support its adjudicatory determination. *Id.* (citation omitted).

We review the conclusions of law de novo. *K.N.*, 381 N.C. at 827, 874 S.E.2d at 598 (citation omitted). Furthermore, a finding of fact that is essentially a conclusion of law will be treated as a conclusion of law on appeal. *Matter of T.R.W.*, 294 N.C. App. 57, 61, 901 S.E.2d 890, 897 (2024) (citation omitted).

Only a single ground is necessary for a court to terminate parental rights. N.C. Gen. Stat. § 7B-1111(a) (2023). A parent's willful abandonment of a juvenile constitutes one of the grounds for termination of parental rights. N.C. Gen. Stat. § 7B-1111(a)(7). The "determinative period for adjudicating willful abandonment is the six consecutive months preceding the filing of the petition," but a trial court may

evaluate a parent's conduct outside that timeframe. *In re B.R.L.*, 379 N.C. 15, 18, 863 S.E.2d 763, 767 (2021) (citation modified).

"Abandonment implies conduct on the part of the parent which manifests a willful determination to forego all parental duties and relinquish all parental claims to the child." *Id.* (quoting *In re Young*, 346 N.C. 244, 251, 485 S.E.2d 612, 617 (1997)). For a trial court to find that a parent willfully abandoned his or her child, it must find evidence that the parent intentionally and entirely eschewed his or her parental obligations. *Id.* (citation omitted). A trial court should take a parent's financial and emotional support into account, as well. *In re McLemore*, 139 N.C. App. 426, 429, 533 S.E.2d 508, 510 (2000).

Incarceration "is neither a sword nor a shield in a termination of parental rights decisions." *Matter of A.G.D.*, 374 N.C. 317, 320, 841 S.E.2d 238, 240 (2020) (citation modified). While a parent may have a limited set of options for showing care while incarcerated, he or she is not excused from showing interest in their child's welfare. *Id.* (citation omitted).

After the trial court has determined at least one ground exists for the termination of parental rights in adjudication, it then considers, in the dispositional stage, whether such termination is in the child's best interest. *Matter of D.L.W.*, 368 N.C. 835, 842, 788 S.E.2d 162, 167 (2016) (citation omitted). We review the dispositional stage for abuse of discretion. *S.R.*, 384 N.C. at 520, 886 S.E.2d at 171 (citation omitted).

Here, we address Father's threshold argument that Findings of Fact 54, as the *last* findings of fact in both adjudication orders, improperly state the trial court made "the *following* findings of fact by clear, cogent and convincing evidence." We acknowledge that "the *following* findings of fact" does not literally include any findings as Findings of Fact 54 were the last findings in each order. However, the trial court stated in open court that it found the statutory grounds for the termination of parental rights by clear, cogent, and convincing evidence. Furthermore, although the written Findings of Fact 54 were likely misplaced within the adjudication orders, the trial court did not mention a different standard of proof elsewhere. Instead, the trial court again emphasized the clear, cogent, and convincing standard, albeit out of place. Therefore, the trial court did not err in clarifying the standard of proof.

In turning our focus to the ground of willful abandonment, we analyze the determinative period. Petitioner filed her petition to terminate Father's parental rights on 2 August 2023. Therefore, the determinative period in evaluating Father's willful abandonment is 2 February 2023 to 2 August 2023.

Father contends Findings of Fact 49 and 54 from both Reese and Hailey's adjudication orders are essentially conclusions of law that cannot support a determination of the termination of parental rights ground, willful abandonment:

> 49. While [Father] contends he made several attempts to call the children between May 2020 and July 2023 only to be rebuffed by [] Petitioner, [Father] made no attempt during all the time he [w]as not incarcerated to visit with the children except his unexpected arrival on July 4, 2023;

- 8 -

he did not participate in any educational, extracurricular, medical or therapeutic services or events for the children; he did not provide the children with clothing, shelter, food, school supplies, or other life necessities; he did not provide the children with discipline, love or nurture; he did not provide for any of the other day to day needs of the children; and he did not petition the [c]ourt to modify the April 8, 2021 Custody Order to seek a set visitation schedule. According to [Father's mother], [Father] was in a "*dark place*" during this time frame solely because he was not allowed to see his children. [Father] neglected and abandoned the children despite [] Petitioner and the minor children continuing to reside in the same home, have the same mailing address and phone number, and attend the same school.

. . . .

54. The [c]ourt makes the following findings of fact by clear, cogent and convincing evidence and determines that grounds exist to terminate the parental rights of [Father] as he has neglected the child within the meaning of [N.C. Gen. Stat.] § 7B-101 and he has abandoned the child for at least six (6) consecutive months immediately preceding the filing of the Petition.

Specifically, Father argues part of Finding of Fact 49 and the entirety of Finding of Fact 54 are essentially conclusions of law. We agree Finding of Fact 54 is essentially a conclusion of law, so we will treat it as such. We also agree that part of Finding of Fact 49 that states "[Father] neglected and abandoned the children" is a conclusion of law. Nevertheless, the rest of Finding of Fact 49 remains a finding of fact.

While Father argues for an alternative characterization for only a portion of Finding of Fact 49, he makes no exception to the admission of evidence, the remainder of the findings of fact themselves, or the portion that we agree is best considered a

- 9 -

conclusion of law. *Taney*, 262 N.C. at 443, 137 S.E.2d at 830. Therefore, the rest of Finding of Fact 49 that is not a conclusion of law is unchallenged and deemed binding and supported.

Finding of Fact 49 indicates Father failed to provide both Reese and Hailey with emotional support as he failed to engage in any educational or extracurricular events for either daughter. Additionally, Father's lack of effort to modify the 2021 custody order manifests Father's willful determination to forego his parental duties. Further, he did not provide or contribute to his children's basic necessities such as clothing, food, shelter, and school supplies. This demonstrates Father's lack of financial support and maintenance for Reese and Hailey.

Father also claims the trial court did not properly consider his incarceration. However, the trial court did indeed make findings regarding Father's incarceration. First, Finding of Fact 50 states Father had been incarcerated on 27 July 2023, which was less than a week before the end of the determinative period on 2 August 2023. Furthermore, Finding of Fact 49 addresses Father's conduct when he was "not incarcerated" during the remainder of the six-month period. Therefore, the trial court did not use Father's incarceration as a sword in the termination of his parental rights. Instead, it explicitly considered Father's conduct outside of his incarceration.

Despite contrary evidence that Father attempted to visit his children once during the determinative timeframe and that he tried to call his daughters, clear, cogent, and convincing evidence supports Findings of Fact 48 and 49. Therefore,

these findings support the ground of willful abandonment. While there are many additional findings of fact, including ones that detail Father's conduct before the determinative period, this Court only needs to review findings necessary to support the adjudicatory determination.

We affirm the trial court's adjudication. As only a single ground is required for adjudication, we do not need to review the trial court's ground of neglect.

### III.    Conclusion

The trial court's determination that Father willfully abandoned his children is supported by clear, cogent, and convincing evidence.

AFFIRMED.

Judges STROUD and MURRY concur.

Report per Rule 30(e).