IN RE: C.T.J.
No. COA08-75
North Carolina Court of Appeals
Filed July 1, 2008
This case not for publication
No brief for Petitioner-Appellee.
No brief for Guardian ad Litem.
Hartsell & Williams, P.A., by Christy E. Wilhelm, for Respondent-Appellant.
ARROWOOD, Judge.
Respondent is the mother of C.T.J. and Petitioners are the child's paternal grandparents. Petitioners received legal custody of C.T.J. by order of the Harnett County District Court on 8 May 2006. Seeking ultimately to adopt the child, Petitioners filed a Petition to Terminate Respondent's Parental Rights on 19 April 2007. From an order terminating her rights, Respondent appeals.
The record shows that in February 2006, the child began living with his biological father pursuant to an agreement between Respondent and the child's father. The child moved in with Petitioners when his biological father entered prison. Petitioners thereafter on 28 March 2006 filed an action in Harnett County District Court seeking legal custody of the child. The court heardthe complaint seeking custody on 1 May 2006. Respondent failed to appear for the hearing although she was properly served with notice.
In its order awarding custody to Petitioners, the District Court found that neither the child's father nor mother had provided suitable or stable environment for the child and had transferred the child to three different schools within a three-month period, thereby causing the child to experience difficulty in school and emotional distress. The court further found that during the time the child had been in Petitioners' care, the child was adjusting well.
The court noted that Respondent has a history of substance abuse and that another child of Respondent is in the custody of that child's paternal grandparents due to repeated episodes of domestic violence between Respondent and the child's father. The court also found that Respondent was not a fit and proper person to exercise visitation with the child "until such time as she moves and appears before this court to ascertain her potential fitness to exercise visitation."
Almost one year later, Petitioners filed the subject petition to terminate Respondent's parental rights. They alleged, inter alia, that Respondent never appeared before the court to seek visitation with the child.
In its order terminating Respondent's parental rights, the court found that Respondent was unemployed and dependent upon her boyfriend for a residence and providing her living expenses. Respondent received more than $200,000 in a settlement of a wrongful death action arising out of the death of another child. Respondent spent all of that money and lost the home she purchased with the money. Respondent had made no monetary payments to support the child. Respondent also made no attempt to seek a court order awarding visitation rights and she had not visited the child for more than twelve months. Petitioners had provided a safe and caring environment and all financial support for the child. The child was thriving and happy in the care of Petitioners.
Respondent contends that the foregoing findings of fact are not supported by clear, cogent and convincing evidence. Termination of one's parental rights must be based upon a showing by clear, cogent and convincing evidence that grounds authorizing termination of parental rights exist. In re Young, 346 N.C. 244, 247, 485 S.E.2d 612, 614 (1997). The trial court's order must be affirmed when the court's findings of fact are based upon clear, cogent, and convincing evidence and the findings of fact support the conclusions of law. In re J.L.K., 165 N.C. App. 311, 317, 598 S.E.2d 387, 391 (2004)(citation omitted). "[C]lear and convincing" and "clear, cogent, and convincing" constitute the same standard of proof, one which is greater than the preponderance of the evidence standard required in most civil cases but lesser than the beyond a reasonable doubt standard in criminal cases. In re Montgomery, 311 N.C. 101, 109-110, 316 S.E.2d 246, 252 (1984). The appellate court is bound by the trial judge's findings of fact "where there is some evidence to support those findings, even though the evidence might sustain findings to the contrary." Id. at 110-11, 316 S.E.2d at 252-53. We find ample evidence to support the findings.
Respondent herself testified that the last time she had full time employment was two years prior to the hearing and the last time she saw the child was in January/February 2006 when she delivered the child to his father. At the time, the child was in the fourth grade of school. She acknowledged that she was served with the custody order. She also conceded that she never came to court for any of the hearings concerning the custody of the child and that prior to the filing of the petition to terminate her parental rights, she took no action through the courts to seek custody or visitation with the child.
Respondent also testified that she received the sum of $278,000 in settlement of a wrongful death action arising out of the death of another child. She acknowledged that "not a lot" of the settlement money remains. She now resides with a boyfriend who works full time and supports her. During the time the child has been in the custody of Petitioners, she has not provided any financial support to the child. She used some of the settlement money to purchase a double wide mobile home. She no longer has possession of the mobile home, which was seized by law enforcement authorities on suspicion of being the site of a methamphetamine laboratory.
The child's paternal grandmother testified that the child is doing very well in school, having been honored as an academic all star at the end of the prior school year. Prior to coming into Petitioners' custody, the child had not done well in school. He had to repeat a grade because he missed so many days of school while in his mother's care. The court admitted the child's report card into evidence. The report card showed that during the last grading period prior to his living with Petitioners, the child made straight D's on his report card. As of the final grading period, he had elevated all of the D's to A's or B's. While in Petitioners' care during the past year, the child had perfect attendance at school.
The report of the guardian ad litem shows that Petitioners have a clean, comfortable three bedroom home. The child is the only person living with them and he has a bedroom of his own, furnished with a double bed, desk and dresser. The child informed the guardian ad litem that his current residence is "the favorite of all the places he had lived." He also related that his mother used drugs and fraternized with other drug users, and that when he lived with his mother, he had no rules and could stay up as late at night as he desired. The child stated that he has a lot of friends at school. He also expressed pride in his academic achievements. Thus, Respondent's assignment of error is without merit.
Respondent next contends that the conclusions of law are insufficient and are not supported by the findings of fact. In the portion of its order denominated conclusions of law, the court concluded that it finds "by clear and convincing evidence that grounds do exist to terminate the parental rights" of Respondent. This conclusion of law, Respondent argues, is inadequate because it fails to identify any specific ground for terminating her parental rights.
As a basic principle, "any determination requiring the exercise of judgment, . . . or the application of legal principles, . . . is more properly classified a conclusion of law." In re Helms, 127 N.C. App. 505, 510, 491 S.E.2d 672, 675 (1997) (citations omitted). When a finding of fact is essentially a conclusion of law, the appellate court may treat it as a fully reviewable conclusion of law on appeal. In re M.R.D.C., 166 N.C. App. 693, 697, 603 S.E.2d 890, 893 (2004).
In the case at bar, in the portion of the order denominated as findings of fact, the court wrote that "pursuant to NCGS § 7B-1111" Respondent neglected the child within the meaning of N.C. Gen. Stat. § 7B-101 and there is a probability of repetition of neglect. As this finding involves application of a legal principle, we treat this as a conclusion of law that Respondent neglected the child. Neglect is a ground for termination of parental rights pursuant to N.C. Gen. Stat. § 7B-1111(1) (2007). The court also wrote that "pursuant to NCGS § 7B-1111(2)" Respondent has willfully left the child in placement outside the home for more than twelve months without showing to the satisfaction of the court that reasonable progress has been made in correcting those conditions which led to the removal of the child. We similarly treat this finding of fact as a conclusion of law that Respondent's parental rights may be terminated on the ground listed in N.C. Gen. Stat. § 7B-1111(2).
We further hold that these conclusions of law are supported by the findings of fact. A neglected juvenile is defined in N.C. Gen. Stat. § 7B-101(15) as one "who does not receive proper care, supervision, or discipline from the juvenile's parent, guardian, custodian, or caretaker; or who has been abandoned [.]" N.C. Gen Stat. § 7B-101(15) (2007). The findings show that Respondent has not provided the child with proper care, supervision or discipline and that she has abandoned the child by not seeking visitation or providing financial support.
Respondent next contends that the court violated N.C. Gen. Stat. § 7B-1109(a) in failing to conduct the termination hearing within ninety days of the filing of the petition to terminate parental rights. The record shows that the petition was filed on 19 April 2007 but the hearing was not held until 18 September 2007. We have held that "time limitations in the Juvenile Code are not jurisdictional . . . and do not require reversal of orders in the absence of a showing by the appellant of prejudice resulting from the time delay." In re C.L.C., 171 N.C. App. 438, 443, 615 S.E.2d 704, 707 (2005), aff'd and disc. review improvidently allowed, 360 N.C. 475, 628 S.E.2d 760 (2006) (citation omitted). To prove prejudice, the appellant must show that the delay had a probable impact on the outcome of the proceeding. In re D.B., N.C. App. ___, ___, 652 S.E.2d 56, 59 (2007). We are not persuaded by Respondent's contention that the delay prejudiced her because it further distanced her from the child as she had no visitation with the child during the period of delay. We overrule this contention. Respondent lastly argues that the court improperly relied upon incompetent hearsay and testimony presented without proper or sufficient foundation. "In a bench trial, the court is presumed to disregard incompetent evidence. . . . Where there is competent evidence to support the court's findings, the admission of incompetent evidence is not prejudicial." In re McMillon, 143 N.C. App. 402, 411, 546 S.E.2d 169, 175 (2001) (citations omitted). To obtain reversal on appeal, the appellant must show the court prejudicially relied upon the incompetent evidence in making its findings. In re Huff, 140 N.C. App. 288, 301, 536 S.E.2d 838, 846 (2000). We are not persuaded that the court relied upon any incompetent evidence in rendering its decision.
The order terminating respondent's parental rights is
Affirmed.
Chief Judge MARTIN and Judge ELMORE concur.
Report per Rule 30(e).