IN THE MATTER OF: E.R.A.,
No. COA08-1072
Court of Appeals of North Carolina
Filed January 20, 2009
This case not for publication
Anthony H. Morris, for appellee Guardian ad Litem.
Duncan B. McCormick, for appellant respondent-mother.
STROUD, Judge.
Respondent-mother and Eva's[1] stepfather forced Eva and her female siblings to strip naked and to perform chores without clothing as a form of punishment. Eva's stepfather also appeared nude in the presence of the children. Eva's stepfather sexually abused the children, ultimately resulting in his incarceration upon convictions of sexual abuse involving the children.
On or about 6 July 2005, Eva was adjudicated to be abused, neglected and dependent and was placed in the legal custody of Wake County Human Services ("WCHS"). Respondent-mother consented to the court's findings and conclusions, and the court ordered respondent-mother to complete a psychological evaluation, follow through with recommendations of the psychological evaluation, complete an adolescent parenting program, complete an anger management class, acknowledge and accept that her children had been sexually abused, maintain steady employment, and "maintain stable, safe and appropriate housing that [would] be suitable for herself and her five children."
At a hearing in November 2006, regarding suspension of respondent-mother's visitation, the court found that respondent-mother, after more than eighteen months of the children being out of her home, "still refused to accept responsibility for the children being in the care of" WCHS, repeatedly instructed the children to be defiant and to ignore WCHS, and could not control her anger. By order filed 19 December 2006, the court adopted a permanent plan of placement with a relative.
On 17 December 2007, a petition to terminate the parental rights of respondent-mother was filed. Following a hearing on 8 April 2008, an order was entered terminating respondent-mother's parental rights based on findings that respondent-mother was making reasonable progress until 4 October 2006, when the WCHS suspended visitation due to respondent-mother's inappropriate actions during visits. These actions included failing to return a child at the agreed upon time, becoming angry with and provoking arguments with the child's group home staff, and encouraging the child to disobey the rules established by WCHS and the group home. Respondent-mother also had unauthorized contacts with the children. Pursuant to these and other findings the court terminated respondent-mother's parental rights because (1) respondent-mother neglected the child and it is probable that the neglect would be repeated if the child [wa]s returned to respondent-mother's care, and (2) respondent-mother "willfully left the child in foster care or placement outside the home for more than twelve (12) months without showing to the satisfaction of the court that reasonable progress under the circumstances ha[d] been made in correcting the conditions that led to the removal of the child." Respondent-mother appeals the order terminating her parental rights.
To terminate parental rights, a court must first find by clear, cogent and convincing evidence that a ground authorizing termination of parental rights exists. In re Young, 346 N.C. 244, 247, 485 S.E.2d 612, 614 (1997) (citation omitted). The reviewing court must determine "whether the [trial court's] findings of fact are supported by clear, cogent and convincing evidence and whether" its conclusions of law are supported by these findings. In re Clark, 72 N.C. App. 118, 124, 323 S.E.2d 754, 758 (1984) (citation omitted). The trial court's findings of fact are binding on appeal "where there is some evidence to support those findings, even though the evidence might sustain findings to the contrary." In re Montgomery, 311 N.C. 101, 110-11, 316 S.E.2d 246, 252-53 (1984) (citations omitted).
Respondent-mother first contends that the court erred by concluding respondent-mother neglected Eva. A court may terminate parental rights upon making a finding that the parent neglected the child within the meaning of N.C. Gen. Stat. § 7B-101(15). N.C.Gen. Stat. § 7B-1111(a)(1) (2007). A neglected juvenile is defined by N.C. Gen. Stat. § 7B-101(15) as one
who does not receive proper care, supervision, or discipline from the juvenile's parent, guardian, custodian, or caretaker; or who has been abandoned; or who is not provided necessary medical care; or who is not provided necessary remedial care; or who lives in an environment injurious to the juvenile's welfare; or who has been placed for care or adoption in violation of law.
N.C. Gen. Stat. § 7B-101(15) (2007).
Neglect may be established by a showing of "some physical, mental, or emotional impairment of the juvenile or a substantial risk of such impairment as a consequence of the [parent's] failure to provide proper care, supervision, or discipline." In re Safriet, 112 N.C. App. 747, 752, 436 S.E.2d 898, 901-02 (1993) (citations and quotation marks omitted). "A finding of neglect sufficient to terminate parental rights must be based on evidence showing neglect at the time of the termination proceeding." In re Young at 248, 485 S.E.2d at 615 (citation omitted). When the child has been removed from the parent's custody prior to the termination hearing and evidence of prior neglect is presented at the hearing, the trial court must consider any evidence of changed conditions "and the probability of a repetition of neglect." In re Ballard, 311 N.C. 708, 715, 319 S.E.2d 227, 232 (1984). When the child is absent from the home, "the decision of the trial court must of necessity be predictive in nature, as the trial court must assess whether there is a substantial risk of future abuse or neglect of a child based on the historical facts of the case." In re McLean, 135 N.C. App. 387, 396, 521 S.E.2d 121, 127 (1999).
The court's findings of fact show that respondent-mother inappropriately disciplined the children while they were in respondent-mother's custody. After the children were removed from respondent-mother's custody, she encouraged them to be defiant and to disobey WCHS and group home staff. Respondent-mother failed to participate in a sex offender evaluation as ordered by the court. We conclude these findings support a conclusion that Eva has not received "proper care, supervision or discipline[,]" N.C. Gen. Stat. § 7B-101(15), from respondent-mother such as to constitute neglect within the statutory definition and that it is probable that such neglect will be repeated. Therefore, the trial court did not err in concluding that grounds existed for terminating respondent-mother's parental rights due to neglect. See In re Ballard at 715, 319 S.E.2d at 232; In re Safriet at 752, 436 S.E.2d at 901-02. This argument is overruled.
Respondent-mother next contends that "the trial court erred by finding that the [respondent-]mother willfully left her child in foster care for more than twelve months without making reasonable progress under the circumstances[.]" However, having determined that the findings of fact support termination of respondent-mother's parental rights on the ground of neglect, we need not consider whether the findings support the other ground identified by the court as a basis for terminating respondent-mother's parental rights. In re P.L.P., 173 N.C. App. 1, 9, 618 S.E.2d 241, 246 (2005), aff'd per curiam, 360 N.C. 360, 625 S.E.2d 779 (2006). We dismiss this contention.
Respondent-mother next contends that the court abused its discretion by terminating respondent-mother's parental rights. When a court finds the existence of a ground to terminate one's parental rights, it must then decide whether termination of parental rights is in the best interests of the child. N.C. Gen. Stat. § 7B-1110(a) (2007). The decision is within the discretion of the trial court and may be reviewed only for abuse of discretion. In re Shermer, 156 N.C. App. 281, 285, 576 S.E.2d 403, 406-07 (2003) (citations omitted). "An abuse of discretion occurs when the trial court's ruling is so arbitrary that it could not have been the result of a reasoned decision." Chicora Country Club, Inc. v. Town of Erwin, 128 N.C. App. 101, 109, 493 S.E.2d 797, 802 (1997) (citation and quotation marks omitted), disc. review denied, 347 N.C. 670, 500 S.E.2d 84 (1998).
Factors the court considers in determining whether terminating parental rights is in the child's best interests include:
(1) The age of the juvenile.
(2) The likelihood of adoption of the juvenile.
(3) Whether the termination of parental rights will aid in the accomplishment of the permanent plan for the juvenile.
(4) The bond between the juvenile and the parent.
(5) The quality of the relationship between the juvenile and the proposed adoptive parent, guardian, custodian, or other permanent placement.
(6) Any relevant consideration.
N.C. Gen. Stat. § 7B-1110(a).
The court's findings show that Eva, at the age of fifteen years, "wants and needs a permanent home and is desirous of being adopted" by her paternal aunt and uncle. Eva has flourished academically and in extracurricular activities while being in her paternal aunt and uncle's home. Eva has found "stability and safety" in the home of her paternal aunt and uncle, who are willing to allow Eva to have contact with respondent-mother and her other siblings. Regarding the bond between respondent-mother and Eva, the court found
[t]hat there is a strong attachment between the mother and the child, but the bond is not a parental bond. There is love in their relationship, but the child does not trust the mother and does not look to her for maternal guidance, love, and support. The possibility of the mother regaining legal and/or physical custody of this child is not strong, but this possibility causes anxiety for the child. She feels unsafe and desires to be adopted to feel secure. The child has been able to begin the healing process while in the custody of the [adoptive] family and being adopted by the [adoptive parents] will allow the possibility of further improvement in her relationship with the mother.
The court further found that Eva refers to the adoptive parents as "dad" and "mom". Eva has "a strong, appropriate parental bond" with her adoptive parents and a "strong sibling-like attachment" to the children of the adoptive parents.
The court's findings thus reflect a reasoned decision based upon consideration of the statutory factors. See N.C. Gen. Stat. § 7B-1110(a). We find no abuse of discretion. Respondent-mother's final contention is that certain findings of fact are not supported by clear and convincing evidence. We need not consider the merits of this contention, because we have found other uncontested findings of fact which allow us to determine that the trial court properly terminated respondent-mother's parental rights. Thus, we affirm the order.
AFFIRMED.
Judges McGEE and ELMORE concur.
Report per Rule 30(e).
NOTES
[1] A pseudonym will be used to protect the identity of the minor.