IN THE MATTER OF: A.D.E. and M.R.E., Minor Children.
No. COA09-1184.
Court of Appeals of North Carolina.
Filed March 2, 2010.
This case not for publication
Judy N. Rudolph for petitioner-appellee mother.
Duncan B. McCormick for respondent-appellant father.
WYNN, Judge.
"Despite incarceration, a parent failing to have any contact can be found to have willfully abandoned the child, and this Court has upheld termination based on willful abandonment despite some contact between the parent and the children."[1] In the present case, the trial court found that Respondent-father failed to demonstrate a desire to maintain a relationship with his children, notwithstanding his having sent three or four cards to his children since his incarceration in 2004. Because the trial court's findings are supported by clear, cogent, and convincing evidence, we now affirm the termination of parental rights with regard to Respondent.
Petitioner-mother and Respondent are, respectively, the biological mother and father of the minor children M.R.E. and A.D.E. ("the juveniles").[2] Petitioner and Respondent married on 2 January 2000, separated on 19 July 2002, and divorced on 8 June 2004. By order dated 8 June 2004, the district court granted petitioner sole custody of the juveniles.[3] Respondent is currently incarcerated in a federal penitentiary for a 2004 conviction of possession of a firearm by a felon. Respondent's earliest release date is 2012, but his incarceration may last until 2017.
Petitioner remarried on 7 July 2007. On 26 January 2009, petitioner filed petitions to terminate Respondent's parental rights to the juveniles. Petitioner alleged Respondent had neglected, abandoned, and failed to pay for the care, support or education of the juveniles. Respondent filed answers to the petitions on 20 April 2009, and the trial court held a hearing on the petitions on 7 May 2009.
By orders dated 26 May 2009, the trial court found grounds existed to terminate Respondent's parental rights to the juveniles and that termination of parental rights was in the best interests of the juveniles. The court found that Respondent neglected the juveniles and willfully abandoned the juveniles. The trial court subsequently entered a corrected order for A.D.E. dated 1 July 2009, correcting a typographical error in the original order dated 26 May 2009. From these orders, Respondent appeals.
"Termination of parental rights is a two-step process. In the first phase of the termination hearing, the petitioner must show by clear, cogent and convincing evidence that a statutory ground to terminate exists." In re S.N., ___ N.C. App. ___, ___, 669 S.E.2d 55, 58 (2008) (citations omitted), aff'd per curiam, 363 N.C. 368, 677 S.E.2d 455 (2009).
If the petitioner succeeds in establishing the existence of any one of the statutory grounds listed in N.C. Gen. Stat. § 7B-1111, the trial court moves to the second, or dispositional, stage, where it determines whether it is in the best interests of the child to terminate the parental rights.
In re Shepard, 162 N.C. App. 215, 221, 591 S.E.2d 1, 5 (citations and quotations omitted), disc. rev. denied, In re D.S., 358 N.C. 543, 599 S.E.2d 42 (2004).
"On appeal, our standard of review for the termination of parental rights is whether the [trial] court's findings of fact are based upon clear, cogent and convincing evidence and whether the findings support the conclusions of law." In re Baker, 158 N.C. App. 491, 493, 581 S.E.2d 144, 146 (2003) (internal quotations and citations omitted). However, "[t]he trial court's conclusions of law are fully reviewable de novo by the appellate court." In re S.N., ___ N.C. App. at ___, 669 S.E.2d at 59 (citation and quotations omitted).
On appeal, Respondent argues that the trial court erred in finding as grounds to terminate his parental rights that Respondent abandoned or neglected his children. We address only the issue of abandonment. See In re D.B., C.B., 186 N.C. App. 556, 561, 652 S.E.2d 56, 60 (2007) ("Where a trial court concludes that parental rights should be terminated pursuant to several of the statutory grounds, the order of termination will be affirmed if the court's conclusion with respect to any one of the statutory grounds is supported by valid findings of fact."), aff'd per curiam, 362 N.C. 345, 661 S.E.2d 734 (2008).
A court may terminate parental rights upon a finding that "[t]he parent has willfully abandoned the juvenile for at least six consecutive months immediately preceding the filing of the petition or motion[.]" N.C. Gen. Stat. § 7B-1111(a)(7) (2009). "[A]bandonment imports any willful or intentional conduct on the part of the parent which evinces a settled purpose to forego all parental duties and relinquish all parental claims to the child." Pratt v. Bishop, 257 N.C. 486, 501, 126 S.E.2d 597, 608 (1962).
Abandonment has also been defined as wilful neglect and refusal to perform the natural and legal obligations of parental care and support. It has been held that if a parent withholds his presence, his love, his care, the opportunity to display filial affection, and wilfully neglects to lend support and maintenance, such parent relinquishes all parental claims and abandons the child.
Id. In the context of termination of parental rights based upon willful abandonment, "the word `willful' encompasses more than an intention to do a thing; there must also be purpose and deliberation. Whether a biological parent has a willful intent to abandon his child is a question of fact to be determined from the evidence." In re T.C.B., 166 N.C. App. 482, 485, 602 S.E.2d 17, 19 (2004) (citations and internal quotations omitted).
It is well established that "a respondent's incarceration, standing alone, neither precludes nor requires a finding of willfulness . . . ." In re McLemore, 139 N.C. App. 426, 431, 533 S.E.2d 508, 511 (2000) (citing In re Harris, 87 N.C. App. 179, 184, 360 S.E.2d 485, 488 (1987)). When considering the termination of parental rights of an incarcerated parent based upon willful abandonment of a juvenile, this Court has focused its review on the attempts of the parent to contact and maintain a relationship with the juvenile. See In re D.J.D., 171 N.C. App. at 241, 615 S.E.2d at 33-34; see also In re McLemore, 139 N.C. App. at 431, 533 S.E.2d at 511 ("[O]ne ineffectual attempt at contact during the relevant six month period in this case would not preclude otherwise clear willful abandonment, despite the fact of respondent's incarceration during that time.").
In the instant case the trial court found:
9. Respondent attended the birth of [A.D.E.] on November 13, 2002, and left a few days later. He next visited with the minor children on February 2, 2004, when he visited with them for one hour at a McDonalds Restaurant before leaving again. Since that time respondent has not visited with either child.
10. The Respondent has not seen the children since February of 2004 because he has been incarcerated in the federal penitentiary since that time due to his voluntary act of violating the law prohibiting possession of a firearm by a felon. He has sent three to four cards to the children through the Petitioner, he has known the address of the Petitioner or the maternal grandmother at all times and has exercised his ability to send cards to those addresses. These cards do not constitute meaningful contact, desire to remain bonded with his children, or demonstrated intent to parent these children.
11. The Respondent's testimony about the cards and presents he has provided the children was not credible. The Petitioner's testimony about the contact Respondent has had with the minor children was credible.
. . .
15. Respondent abandoned [the juveniles] by voluntarily committing acts that led to incarceration for an extended length of time and by failing to demonstrate any desire to maintain a parental relationship with the [juveniles]."
The trial court found Respondent's sending of only a few cards to the juveniles over the course of several years failed to demonstrate any desire to maintain a parental relationship with the juveniles. The testimony of Petitioner supports the trial court's findings regarding the amount of contact between Respondent and the juveniles.
While Respondent may have presented evidence of more substantial attempts to contact the children, it was solely within the authority of the trial court to determine the credibility of and the weight to be given the evidence. See In re Whisnant, 71 N.C. App. 439, 441, 322 S.E.2d 434, 435 (1984) ("[W]hen a trial judge sits as `both judge and juror,' as he or she does in a non-jury proceeding, it is that judge's duty to weigh and consider all competent evidence, and pass upon the credibility of the witnesses, the weight to be given their testimony and the reasonable inferences to be drawn therefrom.") (citation omitted). The trial court, which was in a better position than this Court to evaluate the witness's credibility, determined that Petitioner's evidence regarding Respondent's contacts with the children was entitled to more weight than Respondent's.
Accordingly, we hold the trial court's findings of fact are supported by clear, cogent and convincing evidence and they, in turn, support the court's conclusion that grounds exist to terminate Respondent's parental rights to the juveniles because Respondent willfully abandoned the juveniles. See In re D.J.D., 171 N.C. App. at 241, 615 S.E.2d at 33-34. In light of our holding with respect to this ground of termination, we need not address Respondent's remaining arguments regarding the additional grounds for termination found by the trial court. See In re D.B., 186 N.C. App. at 561, 652 S.E.2d at 60.
Affirmed.
Judges HUNTER, Jr. and BEASLEY concur.
Report per Rule 30(e).
NOTES
[1] In re D.J.D., D.M.D., S.J.D., J.M.D., 171 N.C. App. 230, 241, 615 S.E.2d 26, 33-34 (2005)(citations omitted).
[2] Initials are used to protect the identity of the juveniles.
[3] The order contains the following provision for visitation by Respondent:

[Respondent] shall not be allowed any contact with the children without further orders of the court or permission of [Petitioner]. [Respondent] shall not remove the children from Buncombe County, North Carolina. [Respondent] may petition this court for visitation with the children upon proper notice. The address of [Petitioner] for notice is listed below. Judge Brown is the assigned judge in this matter for any future hearings.
There is nothing in the record indicating Respondent has petitioned the district court for visitation, or that Petitioner has ever given Respondent permission to contact the juveniles. However, Respondent does not raise this issue in his brief. Accordingly we do not address the matter.