ELMORE, Judge.
Respondent appeals from (1) a permanency planning order ceasing reunification efforts and changing the permanent plan to termination of parental rights/adoption and (2) three orders terminating her parental rights to her three children, M.L.B. born in January 2009, N.L.B. born in January 2010, and J.J.B. born in November 2012, on grounds (a) she neglected the children, and (b) she willfully left the children in foster care without showing reasonable progress in correcting the conditions which led to the removal of the children from her care.[1] She contends the court's decision to cease reunification is not supported by sufficient findings of fact based upon competent evidence. She contends the court's conclusions that she neglected the children and willfully left the children in foster care without making reasonable progress are not supported by clear, cogent and convincing evidence. For the reasons that follow, we affirm the trial court's orders.
I. Background
On 1 April 2013, Yancey County Department of Social Services ("DSS") filed juvenile petitions alleging that the three children were neglected. The trial court adjudicated them as neglected juveniles at the conclusion of a hearing on 25 April 2013. The trial court conducted a permanency planning hearing on 9 January 2014 and filed an order on 20 July 2014 relieving DSS of further reunification efforts and changing the permanent plan to adoption. Respondent filed notice to preserve her right of appeal concerning that order on 13 August 2014. DSS filed motions to terminate parental rights on 1 May 2014, alleging the two grounds ultimately found by the trial court to exist. Respondent filed timely notice of appeal on 3 September 2014.
II. Analysis
We first address respondent's contentions concerning the permanency planning order. At each review or permanency planning hearing, "the court shall consider information from the parents, the juvenile, the guardian, any person providing care for the juvenile, the custodian or agency with custody, the guardian ad litem,and any other person or agency that will aid in the court's review." N.C. Gen.Stat. § 7B-906.1(c) (2013). The trial court may direct in a review order that "reasonable efforts to eliminate the need for placement of the juvenile shall not be required or shall cease if the trial court makes written findings of fact that: (1) Such efforts clearly would be futile or would be inconsistent with the juvenile's health, safety, and need for a safe, permanent home within a reasonable period of time...." N.C. Gen.Stat. § 7B-507(b)(1) (2013).
Appellate review of a permanency planning order that ceases reunification efforts is "to determine whether the trial court made appropriate findings, whether the findings are based upon credible evidence, whether the findings of fact support the court's conclusions, and whether the trial court abused its discretion with respect to disposition."In re C.M.,183 N.C.App. 207, 213, 644 S.E.2d 588, 594 (2007).
Respondent acknowledges the trial court made a finding of fact that further efforts to reunify would be clearly futile or inconsistent with the children's need for a safe and permanent home within a reasonable period of time. She argues this finding is not supported by credible evidence. She submits the trial court "virtually ignore[d]" evidence of the progress that the parents had made since the children had been removed. We disagree.
The key finding with regard to the progress the parents made since the prior review hearing is finding of fact number five, which states:
That since this matter was last reviewed, the oldest juvenile remains placed in therapeutic foster care; that the DSS focus is to stabilize her behaviors; that the second oldest juvenile remains placed in therapeutic foster care; that DSS [is] working to identify his needs and level of therapy needed; has language delays and receives speech therapy; that the youngest juvenile has remained in the initial foster care placement in McDowell County; is doing well; that the parents have obtained psychological evaluations and parenting assessments; have attended visitations; work at Burger King; that the parents continue to have issues as to housing, finances and transportation; that these reasons led to the removal of the juveniles when petitions were filed; that the condition of their home is no better; their power has been cut off; water cut off; that the parents continue to smoke cigarettes although one of the children has medical issues affected by same; that the parents have missed medical appointments and/or surgeries of the juveniles; that mother did obtain her GED; that the court does not believe the children can be returned to the parents' home immediately or within six months; that the basic needs of the children cannot be met if in the parents' care; that the father has failed to provide medical documentation requested; that the relative home study was not approved; that custody and guardianship with a relative [is] not an option available as a permanent plan.
This finding does show the court considered progress made by the parents in addition to other relevant factors. The finding is supported by the court report by the DSS, the report provided by the guardian ad litem,and the testimony of respondent and the foster care worker for the three children. We hold the findings support the trial court's ultimate conclusion that reunification efforts should cease.
Respondent next contends that the trial court erred in finding grounds to terminate her parental rights. We disagree.
We review an order terminating parental rights to determine whether the findings of fact are supported by clear, cogent and convincing evidence and whether the adjudicatory conclusions of law are supported by the findings of fact. In re Shepard,162 N.C.App. 215, 221, 591 S.E.2d 1, 6 (2004). We review de novothe trial court's conclusions of law. In re S.N.,194 N.C.App. 142, 146, 669 S.E.2d 55, 59 (2008), aff'd per curiam,363 N.C. 368, 677 S.E.2d 455 (2009).
Respondent contends the trial court's conclusion that she neglected the children and the neglect is likely to continue is not supported by the findings of fact or by clear, cogent and convincing evidence. A parent neglects a child by failing to provide the child with proper care, supervision, discipline, or necessary medical or remedial care, or by causing the child to "live[ ] in an environment which is injurious to the juvenile's welfare."N.C. Gen.Stat. § 7B-101(15) (2013). "A finding of neglect sufficient to terminate parental rights must be based on evidence showing neglect at the time of the termination proceeding." In re Young,346 N.C. 244, 248, 485 S.E.2d 612, 615 (1997). The trial court must consider evidence of any changed circumstances since the time of a prior adjudication that the child was neglected and must decide whether it is probable that the neglect will be repeated if the child is returned to the parent's care. In re Ballard,311 N.C. 708, 715, 319 S.E.2d 227, 232 (1984). When a child is not in the parent's custody, the trial court "must assess whether there is a substantial risk of future abuse or neglect of a child based on the historical facts of the case." In re McLean,135 N.C.App. 387, 396, 521 S.E.2d 121, 127 (1999).
The key finding in each order terminating respondent's parental rights to the named child is finding of fact number nine, in which the trial court found by "clear, cogent and convincing evidence as prescribed by NCGS 7B-1111(a)(1) that the respondent parents have neglected the above named juvenile, have continued to neglect the juvenile and there is probability that future neglect will occur if the juvenile is returned to the care of the respondents named herein[.]"
More specifically, the trial court found that the children were adjudicated as neglected at the 25 April 2013 term of trial court as a result of the parents' failure to provide medical care for the juveniles. The trial court specifically noted that prior to the removal of the children from the home, one child having special medical needs was not taken consistently for medical care; that the juveniles were dirty and unbathed; that the family home was "exceptionally dirty and a possible health hazard" to the juveniles; and that adequate sleeping arrangements were not available for the children.
The trial court also found that subsequent to the removal of the children from the home, the parents executed a case plan setting forth objectives to allow for the return of the children to the home but were not successful in achieving the objectives. Among other things, the trial court noted that the parents failed to maintain adequate and stable housing although they received a tax refund in the amount of $1,800 and failed to use that money to obtain secure housing. They have been behind in their rent; have had the power and water cut off on numerous occasions; have not completed parenting classes; have not achieved financial stability; have not secured adequate transportation; have missed medical appointments, including surgical, for the children; have failed to provide requested items during personal visits with the children; and have rarely exercised weekly telephone visit privileges with the children. They continue to smoke cigarettes although they are aware that it aggravates a medical condition of the youngest child.
The trial court also found that during a home visit on 15 July 2014, just two days before the termination hearing, a social worker observed that the condition of respondent's home had not improved. The social worker saw trash, dirt, clothes, cigarette butts, ashes, and trash bags on the floor. The refrigerator was not clean and little food was contained therein. The social worker further noticed flies, dirty dishes, obstructions in the hallway which would be dangerous to children and a fire hazard, feces in the toilet, and unclean toilets in general. The trial court concluded that these conditions were not due to poverty but to neglect.
Respondent does not contest the foregoing findings of fact. They are thus deemed supported by competent evidence and are binding on appeal. Mussa v. Palmer-Mussa,366 N.C. 185, 191, 731 S.E.2d 404, 409 (2012). She argues that the court did not allow sufficient time for her to complete the case plan. She submits that she "did make meaningful progress and effort to comply with the requirements of her case plan." We are not persuaded by respondent's argument.
The trial court's findings reflect that the primary reason for the removal of the children from the home was the parents' inability to provide a safe and clean home and the children's basic needs. Approximately fifteen months after the children were removed, the parents still were unable to provide a safe and clean home and meet the children's needs. As the trial judge articulated in open court, the "environment remains one that is injurious and dangerous to the children." Nothing in the record suggests the parents are physically or mentally incapable of providing a safe, clean home for their children.
We conclude the court's findings are supported by clear, cogent and convincing evidence and they, in turn, support the court's conclusion that respondent neglected the children and that the neglect is likely to be repeated. Because we uphold this ground for termination of her parental rights, we need not consider respondent's argument concerning the other ground found by the court to exist. In re P.L.P.,173 N.C.App. 1, 8, 618 S.E.2d 241, 246 (2005), aff'd per curiam,360 N.C. 360, 625 S.E.2d 779 (2006). We affirm the trial court's orders.
Affirmed.
Report per Rule 30(e).
Judges TYSON and INMAN concur.
Opinion
Appeal by respondent from order entered 20 July 2014 by Judge Ted McEntire and orders entered 27 August 2014 by Judge Greg Horne in Yancey County District Court. Heard in the Court of Appeals 18 May 2015.

The children share the same father, who does not appeal the termination of his parental rights.